**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**January 18, 2011**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

KENET DEL CID-RENDON,

      Defendant-Appellant.

No. 10-3240
(D.C. Nos. 2:10-CV-02235-KHV and
2:06-CR-20021-KHV-2)
(D. Kan.)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **MURPHY**, **GORSUCH**, and **HOLMES**, Circuit Judges.

Kenet Del Cid-Rendon pleaded guilty to various charges arising out of a drug conspiracy, and was sentenced to a total of 292 months imprisonment. This court affirmed that sentence on direct appeal. *United States v. Del Cid-Rendon*, 301 F. App'x 780 (10th Cir. 2008), *cert. denied*, 129 S.Ct. 2172 (2009). Mr. Del Cid-Rendon now seeks a certificate of appealability ("COA") in order to challenge the district court's denial of his motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

We may issue a COA only if the petitioner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make this showing, Mr. Del Cid-Rendon must demonstrate that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotations omitted). Our inquiry does not require a "full consideration of the factual or legal bases adduced in support of the [applicant's] claims," but, rather, "an overview of the claims . . . and a general assessment of their merits." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003).

Because Mr. Del Cid-Rendon is a pro se litigant, we construe his pleadings and other papers liberally. Before us, he seeks to press three claims: that his trial counsel was constitutionally ineffective for failing to warn him about the possibility of a two-level sentencing enhancement for possession of a firearm, that his appellate counsel was constitutionally ineffective for failing to challenge this two-level enhancement on appeal, and that his appellate counsel was constitutionally ineffective in his efforts to reduce Mr. Del Cid-Rendon's criminal history category. Only the latter two claims are properly before this court, however, because in his § 2255 motion before the district court, Mr. Del Cid-Rendon did not mention his trial counsel's alleged failure to warn him about the

- 2 -

possibility of the two-point firearm sentencing enhancement.[1] *See Dockins v. Hines*, 374 F.3d 935, 940 (10th Cir. 2004) (declining to consider an argument raised for the first time on appeal).

To establish ineffective assistance of counsel on the two claims Mr. Del Cid-Rendon did raise with the district court and wishes to pursue before us — that his appellate counsel erred by not challenging the firearm enhancement and was deficient in seeking to reduce petitioner's criminal history category — Mr. Del Cid-Rendon must show two things: (1) that his "counsel's representation fell below an objective standard of reasonableness," *Strickland v. Washington*, 466 U.S. 668, 688 (1984), and (2) "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. Our review is "highly deferential" and we "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689.

In its thorough opinion, the district court applied *Strickland* and rejected both of the ineffective assistance of counsel claims Mr. Del Cid-Rendon seeks to pursue before us, explaining that he failed to establish how his counsel's performance was deficient and also how he was prejudiced. After reviewing the

---

[1] To the extent Mr. Del Cid-Rendon seeks to pursue an ineffective assistance claim based on his counsel's failure to make arguments related to 18 U.S.C. § 924(c), we similarly decline to consider such theories raised for the first time in an application for COA.

record, we conclude no reasonable jurist could doubt the correctness of the district court's disposition of these claims. Accordingly, and for substantially the same reasons given by the district court, we deny Mr. Del Cid-Rendon's application for a COA and dismiss his appeal. His motion to proceed *in forma pauperis* is denied.

ENTERED FOR THE COURT


Neil M. Gorsuch
Circuit Judge